MEMORANDUM ***
Manu Mayala (“Mayala”), a native and citizen of the Democratic Republic of Congo, petitions for review of the Board of Immigration Appeals’s (“BIA”) affirmance of the Immigration Judge’s (“IJ”) denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”). We have jurisdiction under 8 U.S.C. § 1252. We grant the petition for review and remand for further proceedings consistent with this disposition.
Because we write primarily for the parties, we recite the facts only to the extent *537 necessary to explain our decision. Mayala argues that the BIA erred by affirming the IJ’s adverse credibility finding. We review adverse credibility findings for substantial evidence. Aguilera-Cota v. INS, 914 F.2d 1375, 1381 (9th Cir.1990) (citing Turcios v. INS, 821 F.2d 1396, 1399 (9th Cir.1987)). “Generally, minor inconsistencies and minor omissions relating to unimportant facts will not support an adverse credibility finding.” de Leon-Barrios v. INS, 116 F.3d 391, 393 (9th Cir.1997). Similarly, “[i]f discrepancies ‘cannot be viewed as attempts by the applicant to enhance his claims of persecution,’ they have ‘no bearing on [his] credibility.’ ” Singh v. Ashcroft, 301 F.3d 1109, 1113 (9th Cir.2002) (quoting Damaize-Job v. INS, 787 F.2d 1332, 1337 (9th Cir.1986)).
In finding Mayala not credible, the IJ relied upon inconsistencies between Maya-la’s declaration and in-court testimony regarding where Mayala’s family members were imprisoned following their 1996 and 2000 arrests.
The inconsistencies regarding the imprisonment of Mayala’s family members are neither material to his claim nor an attempt to enhance Mayala’s claim of persecution. See id.
The IJ also found Mayala not credible because Mayala’s testimony was “unbelievable” in addition to being inconsistent. The IJ found Mayala’s testimony unbelievable based on a perceived inconsistency between the reasons given in Mayala’s declaration and in-person testimony regarding why he and his family were arrested in 1996. That perceived inconsistency did not provide a legitimate basis for an adverse credibility determination.
First, “the BIA must provide a petitioner with a reasonable opportunity to offer an explanation of any perceived inconsistencies that form the basis of a denial of asylum.” Campos-Sanchez v. INS, 164 F.3d 448, 450 (9th Cir.1999). Mayala was provided with no opportunity to explain this apparent inconsistency. Mayala was cross-examined regarding the reasons for his 2000 arrest, but was never cross-examined regarding the reasons for his 1996 arrest. Nor did the IJ independently seek to clarify the reasons given by Mayala. Because Mayala was not given an opportunity to explain, it was error for the IJ to rely on this apparent inconsistency.[1] Furthermore, Mayala’s testimony and declaration are not inconsistent because they both support his claims regarding the future persecution and/ or torture he would face as a Banyamulenge Tutsi in the Democratic Republic of Congo.
The government brief notes that neither the IJ nor the BIA considered the merits of Mayala’s claims if he were determined credible. We remand to the BIA for consideration on the merits of Mayala’s asylum, withholding of removal, and CAT claims. See INS v. Ventura, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).
CONCLUSION
Substantial evidence does not support the adverse credibility finding in this case. The decision of the BIA is REVERSED and the matter is REMANDED for fur *538 ther proceedings consistent with this disposition.
REVERSED and REMANDED.

 disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.

. To the extent that the IJ relied upon a purported contradiction in Mayala's Declaration regarding when the AFDL became suspicious of his father, the basis for the adverse credibility finding is further eroded. In his Declaration, Mayala actually stated that he and his family were arrested by soldiers loyal to Mobutu, not the AFDL, in 1996. This does not conflict with Mayala’s later statement in the Declaration that the AFDL started to suspect his father in 1998.